**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **SERENITIVA LLC,**<br><br>Plaintiff,<br><br>**v.**<br><br>**THE WALT DISNEY COMPANY,**<br><br>Defendant. | **CIVIL ACTION NO 6:16-cv-1289**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1. This is an action for patent infringement in which Serenitiva LLC makes the following allegations against The Walt Disney Company.

## PARTIES

2. Plaintiff Serenitiva LLC ("Plaintiff" or "Serenitiva") is a Texas limited liability company with its principal place of business at 1400 Preston Rd, Suite 492, Plano, Texas 75094.

3. On information and belief, The Walt Disney Company ("Defendant" or "Disney") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 500 South Buena Vista St, Burbank, CA 91521.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at

least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 6,865,268**

7. Plaintiff is the owner of United States Patent No. 6,865,268 ("the '268 patent") entitled "Dynamic, Real-Time Call Tracking for Web-Based Customer Relationship Management." The '268 Patent issued on March 8, 2005. A true and correct copy of the '268 Patent is attached as Exhibit A.

8. Defendant owns, uses, operates, advertises, controls, sells, and otherwise provides products and/or services that infringe the '268 patent. The '268 patent provides, among other things, " A method for providing interactive, real-time call tracking and resolution management over a communications network, comprising the steps of: providing an on-line call ticket request form for creating and submitting a call ticket for resolution; generating and displaying an interactive, on-call board user interface that identifies a plurality of members that are assigned and available to respond to a call ticket from a customer, a present status of each member and a primary contact number; automatically generating and displaying on the on-call board a plurality of icons representing communications options for each member based on the member's status; and providing a plurality of icons that are accessible to each member and that generate hyperlinks to a plurality of additional functions associated with call tracking and resolution."

9. Defendant directly and/or through intermediaries, made, has made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or services that infringed one or more claims of the '268 patent, including at least Claim 1, in this district and elsewhere in the United States. Particularly, the Defendant's use of Solarwinds's web help desk provides a method for providing interactive, real-time call tracking and resolution management over a communications network. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Defendant has injured Plaintiff and is thus liable for infringement of the '268 patent pursuant to 35 U.S.C. § 271.

10. Based on present information and belief, Solarwinds's web help desk provides an on-line call ticket request form (e.g., Create a ticket through email or the Web Help Desk client interface) for creating and submitting a call ticket for resolution.

11. Based on present information and belief, Solarwinds's web help desk generates and displays individually to a plurality of members (e.g., Techs) on a display device of each member an interactive, on-call board user interface window (e.g., Solarwinds console) that identifies members that are assigned (e.g., Techs) and available to respond (e.g., Tech’s availability status) to a call ticket from a customer, a number of call tickets assigned to each member (e.g., Open tickets by tech), a present status of each member (e.g., Tech’s availability status) and a primary phone number (e.g., phone number) designated by each member corresponding to a voice communication device located at an office or non-office location where the member can most likely be communicated with via the voice communication device.

12. Based on information and belief, Solarwinds's web help desk automatically generates and displays on the on-call board user interface window (e.g., solarwinds console) a plurality of icons representing communications options (e.g., Communication Options i.e., web help desk interfaces, databases, emails, etc.) for each member based on the member’s status.

13. Based on present information and belief, Solarwinds's web help desk provides a plurality of icons on the on-call board user interface window (e.g., Solarwinds console) that are accessible to each member and that generate hyperlinks to a plurality of additional Functions (e.g., view attachment through hyperlinks) associated with call tracking and resolution.

14. In the alternative, because the manner of use by Defendant differs in no substantial way from language of the claims, if Defendant is not found to literally infringe, Defendant infringes under the doctrine of equivalents.

15. Defendant’s aforesaid activities have been without authority and/or license from Plaintiff.

16. In addition to what is required for pleadings in patent cases, and to the extent any marking was required by 35 U.S.C. § 287, Plaintiff and all predecessors in interest to the ‘652 Patent complied with all marking requirements under 35 U.S.C. § 287.

17. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of the Defendant’s wrongful acts in an amount subject to proof at trial, which, by law,

cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '268 Patent;

2. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '268 Patent as provided under 35 U.S.C. § 284;

3. An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendant's prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

5. Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully Submitted,

**SERENITIVA LLC**

Dated: November 14, 2016

By: */s/ Papool S. Chaudhari*

Papool S. Chaudhari
Texas State Bar No. 24076978
Chaudhari Law, PLLC
P.O. Box 1863
Wylie, Texas 75098
Phone: (214) 702-1150
Fax: (214) 705-3775
Papool@ChaudhariLaw.com

**ATTORNEY FOR PLAINTIFF SERENITIVA LLC**